**NOT FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & JOHN

|  |  |  |
|---|---|---|
| FLAGSTAR BANK, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2007-26 |
| v. | ) | |
| | ) | |
| CHERYL A. DEDUCCA, a/k/a CHERYL DEDUCCA, PHILLIP DEDUCCA, and SHERRY A. RATH, | ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**A. Jennings Stone, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Norman P. Jones, Esq.**
St. Thomas, U.S.V.I.
   *For defendant Sherry A. Rath,*

**Cheryl A. Deducca a/k/a Cheryl Deducca**
50 Cherry Lane, Tiverton, RI 02878
   *Pro se defendant,*

**Phillip DeDucca**
50 Cherry Lane, Tiverton, RI 02878
   *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

The plaintiff in this matter, Flagstar Bank, FSB ("Flagstar"), commenced this debt and foreclosure action on February 1, 2007, against defendants Cheryl A. Deducca a/k/a

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 2

Cheryl Deducca, Phillip DeDucca (together, the "Deduccas"), and Sherry A. Rath ("Rath").[1] On March 30, 2007, Rath filed an answer and cross-claim against the Deduccas.

The record reflects proof of service of Flagstar's complaint and summons on each of the Deduccas. The record also reflects proof of service of Rath's cross-claim and summons on each of the Deduccas. Neither of the Deduccas filed an answer to Flagstar's complaint or Rath's cross-claim or otherwise made an appearance in this matter.

Flagstar moved for entry of default on its complaint against the Deduccas pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[2] The Clerk of Court entered defaults against each of the Deduccas.

Rath moved for entry of default on her cross-claim against the Deduccas pursuant to Rule 55(a). The Clerk of Court entered defaults against each of the Deduccas on Rath's cross-claim.

---

[1] Flagstar also moves for summary judgment against defendant Sherry A. Rath. The Court will address that motion in a separate Order.

[2] That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 3

    Thereafter, Flagstar and Rath moved for default judgment against the Deduccas. The Court denied that motion without prejudice because the record did not contain competent evidence showing that the Deduccas are neither infants, nor incompetent.

    Now, both Flagstar and Rath renew their motions for default judgment against the Deduccas.

    Both Flagstar and Rath have submitted various documents in an attempt to cure the deficiencies in their earlier motions for default judgment against the Deduccas. Flagstar has submitted a declaration of its attorney, A.J. Stone, Esquire. Attorney Stone states that his office conducted an investigation, which revealed that no civil commitment proceedings have been initiated against the Deduccas in the Virgin Islands or in Rhode Island.[3] He also states that, "[b]ased on this investigation, I am informed and do believe that neither of the Deduccas have been adjudged incompetent." (Stone Decl. 2, ¶ 8, March 16, 2009.) Attorney Stone further declares that "upon information and belief after reasonable inquiry, I do believe that neither of the Deduccas are minors." (*Id.* at ¶ 9.)

    Attorney Stone's declaration is not based on his personal knowledge that the Deduccas are neither infants nor incompetent. As such, it cannot be considered competent evidence for default

---

    [3] The Deduccas apparently live in Rhode Island.

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 4

judgment purposes. *See, e.g., Maldonado v. Ramirez*, 757 F.2d 48, 50 (3d Cir. 1985) (explaining that, to be sufficient, an affidavit "must be made 'on personal knowledge,' must set forth 'such facts as would be admissible in evidence' and must 'show affirmatively that the affiant is competent to testify to the matters stated therein'"); *Klinestiver v. Drug Enforcement Administration*, 606 F.2d 1128, 1129 (D.C. Cir. 1979) ("Competent evidence is . . . synonymous with 'admissible.'").

Additionally, Flagstar cites the affidavits of the process server attached to the returns of service for the Deduccas as evidence that they are not infants or incompetent. In the affidavits, the process server avers that, at the time of service, Cheryl Deducca was approximately 39 years of age. The process server's affidavit are based on personal knowledge, and serve as competent evidence that Cheryl Deducca is not an infant. However, they contain no information regarding whether Phillip Deducca is an infant. The process server's affidavits also contain no information regarding whether either of the Deduccas are incompetent.

Rath has submitted a declaration of her attorney, W. Mark Hillsman, Esquire. Attorney Hillsman declares that "based upon reasonable inquiry in the Virgin Islands and upon information contained within the files related to the Deduccas' purchase of

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 5

Parcel 10-9-6 Est. Carolina, St. John, U.S. Virgin Islands and the giving of a Second Priority Mortgage to Sherry A. Rath in conjunction with that purchase, upon information and belief neither of the Deduccas are infants or incompetents." (Hillsman Decl. 2, ¶ 7, May 5, 2009.)  Like Attorney Stone's declaration, Attorney Hillsman's declaration does not contain any averments made from personal knowledge that the deduccas are not infants or incompetent.  Thus, Attorney Hillsman's declaration cannot be considered competent evidence that the Deduccas are not infants or incompetent for default judgment purposes. *See Maldonado,* 757 F.2d at 50.

     Accordingly, it is hereby

     **ORDERED** that the motions of Flagstar and Rath for default judgment against the Deduccas are **DENIED** without prejudice.

                                            S_____
                                              **CURTIS V. GÓMEZ**
                                                  **Chief Judge**