**NOT FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS & JOHN
```

|  |  |  |
|---|---|---|
| FLAGSTAR BANK, FSB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2007-26 |
| v. | ) | |
| | ) | |
| CHERYL A. DEDUCCA, a/k/a CHERYL DEDUCCA, PHILLIP DEDUCCA, and SHERRY A. RATH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**A. Jennings Stone, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Norman P. Jones, Esq.**
St. Thomas, U.S.V.I.
   *For defendant Sherry A. Rath,*

**Cheryl A. Deducca a/k/a Cheryl Deducca**
50 Cherry Lane, Tiverton, RI 02878
   *Pro se defendant,*

**Phillip DeDucca**
50 Cherry Lane, Tiverton, RI 02878
   *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

Before the Court are the motion and amended motion of Flagstar Bank, FSB ("Flagstar") for an award of attorneys' fees and costs.

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 2

On February 1, 2007, Flagstar commenced this action for debt and foreclosure against defendants Cheryl A. Deducca a/k/a Cheryl Deducca, Phillip DeDucca (together, the "Deduccas"). Sherry A. Rath ("Rath"), a junior lien holder, was also named as a defendant. On March 30, 2007, Rath filed an answer and cross-claim against the Deduccas. Neither of the Deduccas filed an answer to Flagstar's complaint or Rath's cross-claim or otherwise made an appearance in this matter. The Clerk of Court entered defaults against each of the Deduccas.

Thereafter, Flagstar and Rath moved for default judgment against the Deduccas. Additionally, Flagstar moved for summary judgment against Rath. On September 5, 2008, the Court entered an Order denying the motions of Flagstar and Rath for default judgment against the Deduccas. On December 4, 2008, the Court entered an order granting Flagstar's motion for summary judgment against Rath for the limited purpose of foreclosing her junior lien and declaring it subordinate to Flagstar's lien.

Thereafter, Flagstar and Rath filed renewed motions for default judgment against the Deduccas. On May 21, 2009, the Court denied the renewed motions for default judgment.

Flagstar now seeks reimbursement in the amount of $14,902.54 for attorneys' fees and costs incurred in this litigation.

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 3

Virgin Islands law provides that "there shall be allowed to *the prevailing party* in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." V.I. CODE ANN. tit. 5, § 541(b) (1986) (emphasis added). Similarly, Local Rule of Civil Procedure 54.1 provides

> Within thirty days after the entry of a final judgment or a judgment allowing costs, *the prevailing party* shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

LRCi 54.1 (Oct. 31, 2008) (emphasis added); *see also* 5 V.I.C. § 543.

Thus, it is clear that an attorneys' fees and costs may only be awarded to the "prevailing party" in the litigation. While Section 541 does not define "prevailing party," the phrase as used in a federal fee-shifting statute has been defined by the Supreme Court of the United States as one who has "receive[d] at least some relief on the merits of his claim." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 21 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). The Court further explained that the judgment, order, or decree must "change [] the legal relationship between [the

*Flagstar Bank, FSB v. Cheryl A. Deducca a/k/a Cheryl Deducca, et al*
Civil No. 2007-26
Order
Page 4

plaintiff] and the defendant" in order for a party to claim victory and be awarded costs. *Id.* (citing *Texas State Teachers Assn. v. Garland Independent Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

While Flagstar may be considered to be the "prevailing party" with respect to its claims against Rath, the Court is unable to determine from the evidence in the record what portion of the fees and costs sought was expended in connection with Flagstar's claims against Rath. Furthermore, there has been no determination that Flagstar is the "prevailing party" on its claims against the Deduccas, which form the heart of this litigation. Accordingly, it is hereby

**ORDERED** that Flagstar's motion and amended motion for attorneys' fees and costs are **DENIED** without prejudice.

                                    S\_____
                                       **CURTIS V. GÓMEZ**
                                          **Chief Judge**