IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FLAGSTAR BANK, FSB,<br><br>                                                          Plaintiff,<br>v.<br><br>CHERYL A. DEDUCCA a/k/a<br>CHERYL DEDUCCA, PHILLIP<br>DEDUCCA, and SHERRY A. RATH,<br><br>                                                         Defendants. | CASE NO. 2007-26 |

## ORDER

Before the Court is the plaintiff's motion for reconsideration of the Court's January 4, 2012 (ECF 100) Order Confirming Sale.

Local Rule Civil Procedure 7.3 provides that a motion for reconsideration must be based on "1. [an] intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." Here, plaintiff has failed to meet its burden on a motion for reconsideration.

While claiming that there is a "need to correct clear error or prevent manifest injustice," the only error plaintiff describes[1] is its own failure to request in its original motion for an order confirming the sale the specific relief it now seeks, contrary to the requirements of Federal Rule of Civil 7(b)(1)(C). Indeed, after excoriating both the

---

1 Plaintiff also argues that manifest injustice arises because the current Order prevents it from transferring the property at issue: Flagstar "is effectively barred from transferring, alienating, or otherwise conveying its current interest"; Flagstar will be "forced" to "assume title to the foreclosed property, despite Flagstar's intention to transfer its interest in the Property to a third party." (ECF 102, at p. 4; ECF 101, at p. 1.) Plaintiff cites no authority for these propositions, and the argument that it is prevented from conveying its interest is not legally correct, even if the Court had been advised of plaintiff's unstated intention. Apparently, what plaintiff really wants is to avoid a transfer that requires payment of stamp taxes. (ECF 102, at p. 4.) Plaintiff could have advanced its goals by asking for the desired specific language in the motion.

*Flagstar Bank v. Deducca*
Civil No. 2007-26
Page 2 of 2

Marshals Service and the Court for not providing for or anticipating plaintiff's needs, plaintiff concedes that it buried this issue in its proposed draft order[2], rather than identifying it in the motion. In these circumstances, reconsideration is not warranted.[3]

Accordingly, it is hereby ORDERED that plaintiff's motion is DENIED.

S\_____
**RUTH MILLER**
United States Magistrate Judge

---

[2] Even so, the Court was not bound to accept the specific language plaintiff proposed.

[3] Plaintiff makes a similar error in the current motion, which does not include a proposed order ruling on the motion for reconsideration, but rather a proposed amended order confirming the sale. The relief plaintiff now seeks more properly should have been sought by way of a motion to amend or correct the original order.